UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE E. CHARLTON,

                Plaintiff,           7:12-cv-580
                                          (GLS)
     v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Conboy, McKay Law Firm               LAWRENCE D. HASSELER,
307 State Street                            ESQ.
Carthage, NY 13619

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     JEREMY A. LINDEN
United States Attorney                Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

                             **<u>MEMORANDUM-DECISION AND ORDER</u>**

## I. Introduction

Plaintiff Wayne E. Charlton challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Charlton's arguments, the Commissioner's decision is reversed and remanded.

## II. Background

In March and April 2010, Charlton filed applications for SSI and DIB under the Social Security Act ("the Act"), alleging disability since September 2, 2009.  (*See* Tr.[1] at 63-64, 117-25.)  After his application was denied, (*see id.* at 66-71), Charlton requested a hearing before an Administrative Law Judge (ALJ), which was held on July 5, 2011, (*see id.* at 74, 408-27).  On July 15, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-5, 10-25.)

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. Nos. 8, 12.)

Charlton commenced the present action by filing his Complaint on April 4, 2012 wherein he sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 13, 16.)

## III. <u>Contentions</u>

Charlton contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 13 at 15-34.) Specifically, Charlton claims that the ALJ erred when he: (1) failed to find Charlton's intermittent explosive disorder, depression, and anxiety to be severe impairments; (2) improperly weighed the medical evidence; and (3) improperly evaluated Charlton's residual functional capacity (RFC). (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 16 at 3-18.)

## IV. <u>Facts</u>

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 13 at 1-15; Dkt. No. 16 at 1.)

3

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[2] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

Among other arguments, Charlton contends that the ALJ erred at step two by failing to find that his intermittent explosive disorder, depression, and anxiety were severe impairments. (*See* Dkt. No. 13 at 15-17.) In particular, Charlton claims that the ALJ failed to evaluate the severity of his mental impairments as required by 20 C.F.R. § 404.1520a and, further, the ALJ failed to consider his mental impairments at the subsequent steps of the sequential evaluation. (*See id.* at 16-14.) The Commissioner counters that the ALJ's severity determination is supported

---

[2] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the Regulations governing SSI are omitted.

by substantial evidence. (*See* Dkt. No. 16 at 3-8.) The court agrees with Charlton that remand is appropriate.

At step two of the sequential analysis, the ALJ must "determine whether the claimant has a severe impairment." *Christiana*, 2008 WL 759076, at *3; *see* 20 C.F.R. § 404.1520(a)(4)(ii), (c). A "severe impairment" is "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). The omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in his RFC[3] determination. *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952,

---

[3] A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011).

An ALJ's evaluation of a claimant's mental impairments must reflect his application of the "special technique" set out in 20 C.F.R. § 404.1520a, which necessitates his consideration of "four broad functional areas" that include: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The first three areas are rated on a five-point scale: "[n]one, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). "[I]f the degree of limitation in each of the first three areas is rated 'mild' or better, and no episodes of decompensation are identified, then the [ALJ] generally will conclude that the claimant's mental impairment is not 'severe.'" *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1520a(d)(1)). If the claimant's mental impairment is deemed severe, the ALJ must determine whether the impairment meets or equals the severity of a mental disorder listed in section 12.00 of the Listing of Impairments in 20 C.F.R. part 404, subpart P, appendix 1. *See* 20 C.F.R. § 404.1520a(d)(2). The mental RFC assessment used at steps four and five of the sequential evaluation process requires the ALJ to, among other

things, engage in a more detailed assessment of various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in section 12.00 of the Listing of Impairments. *See* SSR 96-8p, 61 Fed. Reg. 34,474, 34,477 (July 2, 1996).

Here, at step two, without making findings as to each of the four broad functional areas, the ALJ found that Charlton's intermittent explosive disorder is not severe. (*See* Tr. at 17.) The ALJ explained that Charlton "sought treatment to deal with [the disorder], medication has helped control the symptoms and no ongoing effect of the disorder is reflected in the medical evidence." (*Id.*) The ALJ noted that "the record does not provide much information regarding the severity of the ongoing symptoms" related to intermittent explosive disorder, but state agency review psychologist Thomas Harding advised that Charlton did not suffer a severe mental impairment. (*Id.*) Notably, in response to an electronic request for medical advice, Harding advised that a "[n]on-severe impairment is possible[, but t]he available records say very little about adaptive functioning." (*Id.* at 303.) Thereafter, although Harding completed a psychiatric review technique form and indicated that Charlton's impairments were not severe, he failed to rate Charlton's degree of limitation in the four broad functional

7

areas. (*See id.* at 305, 315.)

The Commissioner does not address the ALJ's failure to follow the "special technique," but argues that substantial evidence supports the severity determination, and any error the ALJ made at step two is harmless because "the ALJ properly considered [Charlton's] alleged mental impairments throughout the remainder of the sequential evaluation, particularly in assessing [Charlton's] RFC." (Dkt. No. 16 at 7.) Indeed, in making his RFC determination, the ALJ noted Charlton's complaints of difficulty interacting with others, anxiety, and decreased concentration, but merely concluded that, although Charlton alleged mental symptoms due to post-traumatic stress disorder, "the record does not contain any such diagnosis and fails to show that his mental impairment is even severe." (*See* Tr. at 20.) Ultimately, the ALJ determined that Charlton could "perform the full range of light work." (*Id.* at 18.) Once again, the ALJ made no mention of the four functional areas, nor did he discuss the medical evidence relating to Charlton's mental impairment, or the lack thereof. (*See id.* at 20.)

Contrary to the Commissioner's contention, the ALJ's error in this regard requires remand inasmuch as the court cannot meaningfully review

8

Case 7:12-cv-00580-GLS   Document 18   Filed 05/31/13   Page 9 of 10

the determination. *See Kohler v. Astrue*, 546 F.3d 260, 267-69 (2d Cir. 2008). Notably, at least some evidence in the record indicates that Charlton's limitations were more than mild.[4] Moreover, the ALJ has an affirmative obligation to develop the administrative record. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). If the ALJ was unable to determine Charlton's degree of limitation in the four functional areas due to a lack of evidence, further development may have been warranted. *See* 20 C.F.R. § 404.1520b(c).

Because the error occurred at step two of the ALJ's analysis, the court is unable to reach Charlton's other contentions, which allege errors at later steps in the disability evaluation.

## VII. Conclusion

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

---

[4] For example, on an August 2010 psychiatric evaluation Charlton was given a Global Assessment of Functioning score of sixty, which signifies moderate symptoms or moderate difficulty in social, occupational, or school functioning. (*See* Tr. at 391); Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., Text Rev. 2000).

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 31, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court